UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LINDA GOSNELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:14-cv-261 |
| | ) |
| UNION HOSPITAL, INC., | ) |
| | ) |
|     Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1.   This is an action brought by Plaintiff, Linda Gosnell ("Gosnell"), by counsel, against Defendant, Union Hospital, Inc. ("Defendant"), for violating the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*, Age Discrimination in Employment Act and Indiana common law.

II. PARTIES

2.   Gosnell, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3.   Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

1

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; 29 U.S.C. §2617(a)(2); 29 U.S.C. § 626 and 42 U.S.C. § 12117.

5. Gosnell's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

7. Gosnell, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. At all times relevant to this action, Gosnell was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

9. Gosnell has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

10. Gosnell is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

11. Gosnell exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

12. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

13. Gosnell was born in 1961. She was hired by Defendant on or about April 3, 1995 as a Housekeeper.

14. At all relevant times, Gosnell met or exceeded Defendant's legitimate performance expectations.

15. On or about February 3, 2011, Gosnell fell on ice in Defendant's parking lot and suffered significant injuries to her back and wrist.  Gosnell filed a worker's compensation claim as a result of this incident.

16. In the Spring of 2012, Defendant reassigned Gosnell to work in the out buildings and was subsequently assigned to floor work exclusively, which entailed stripping, scrubbing, and waxing floors with industrial machines and hand held tools.  The work associated with the out buildings was more physically demanding than the work that Gosnell has previously been assigned.

17. The physically demanding nature of the work assigned to Gosnell aggravated and exacerbated the impairment to her back

18. The impairment to Gosnell's back substantially limits her in the major life activities of bending, pushing, pulling, lifting, ambulating, and standing. When her condition flares up, it requires complete bed rest.

19. As a result of the increasing back pain, Gosnell requested continuous leave under the Family Medical Leave Act for the period October 18, 2012 to November 19, 2012.

20. Gosnell's physician also indicated that Gosnell would need leave on an intermittent basis to deal with flare-ups of her condition over the next several months until Gosnell had surgery.

21. Gosnell requested an accommodation for her disability. Gosnell returned to work on November 19, 2012 with restrictions that limited her bending, pulling or pushing, suggested that she be able to sit for 15 minutes per hour after periods of heavy exertion and asked not to be required to run the equipment utilized to strip and wax floors. The restrictions were to last approximately 6-8 weeks until Gosnell was able to have surgery on her back.

22. When Gosnell returned to work, she discussed her back impairment with Mike Mullins, her supervisor, and related that she believed it was work related. She also indicated that the physician recommended surgery and that she would need to utilize FMLA for it.

23. For the most part, Defendant did not honor Gosnell's restrictions. Initially, it did not require her to run the floor equipment; however, even though she had still not had her surgery, it forced to run floor equipment after the eighth week.

24. Gosnell's physical condition continued to deteriorate as a result.

25. In early January, Gosnell informed Russell that she would need to undergo surgery due to a torn disc poking her sciatic nerve.

26. On or about March 21, 2013, Defendant terminated Gosnell's employment for alleged misuse of her break time.

27. Similarly-situated non-disabled and/or younger co-workers who engaged in the same break practices were neither disciplined nor terminated.

28. Defendant replaced Gosnell with a significantly younger, non-disabled individual.

## V. LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION

29. Paragraphs one (1) through twenty-eight (28) of Gosnell's Complaint are hereby incorporated.

30. Defendant violated Gosnell's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by refusing to accommodate her and subjecting her to disparate treatment because of her actual or perceived disability.

31. Defendant's actions were intentional, willful and in reckless disregard of Gosnell's rights as protected by the ADA.

32. Gosnell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II- AGE DISCRIMINATION

33. Paragraphs one (1) through thirty-two (32) of Gosnell's Complaint are hereby incorporated.

34. Defendant discriminated against Gosnell based on her age.

35. Defendant willfully and intentionally discriminated against Gosnell on the basis of her age in violation of the ADEA.

36. Gosnell has suffered damages as a result of Defendant unlawful actions.

### COUNT III: VIOLATION OF THE FMLA – RETALIATION

37. Gosnell hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint.

38. Defendant unlawfully retaliated against Gosnell for her use or intended use of leave that qualified for protection under the FMLA.

39. Defendant's actions were intentional, willful, and in reckless disregard of Gosnell's rights as protected by the FMLA.

40. Gosnell suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: FMLA INTERFERENCE

41. Gosnell hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42. Gosnell suffered from a serious health condition which qualified her for leave under the FMLA.

43. Defendant terminated Gosnell's employment to interfere and prevent Gosnell's intended use of leave for her surgery. Moreover, it did not provide her with the intermittent leave that her physician certified as being necessary.

44. Defendant's actions were intentional, willful, and in reckless disregard of Gosnell's rights as protected by the FMLA.

45. Gosnell suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: WRONGFUL TERMINATION

46. Gosnell hereby incorporates paragraphs one (1) through forty-five (45) of her Complaint.

47. Defendant terminated Gosnell's employment because she had suffered a work-related injury that qualified for workers compensation benefits.

48. Defendant's actions were intentional, willful, and in reckless disregard of Gosnell's rights as protected by Indiana law.

49. Gosnell suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Linda Gosnell, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA and Indiana common law;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA and Indiana common law;

5. Pay to Plaintiff liquidated damages for Defendant's violations of the ADEA and FMLA;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych (Atty No. 91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Linda Gosnell*

## DEMAND FOR JURY TRIAL

The Plaintiff, Linda Gosnell, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych (Atty No. 91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Linda Gosnell*